IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK K. LEE,
      Plaintiff,

vs.                                   Case No. 1:05cv153/MMP/EMT

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,
      Defendant.

_____/

## REPORT AND RECOMMENDATION

Now before the court is Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Doc. 61). Plaintiff seeks attorney fees in the total amount of $1,595.33, based on the following rates and time expenditures: 4.1 hours expended in 2005 at the rate of $155.59 per hour ($637.92); 0.9 hours expended in 2006 at the rate of $161.33 per hour ($145.20); 0.8 hours expended in 2007 at the rate of $163.72 per hour ($130.98); 1.7 hours expended in 2008 at the rate of $171.77 per hour ($292.01); and 2.2 hours expended in 2009 at the rate of $176.92 per hour ($389.22). In response to Plaintiff's application, Defendant states that he does not object to an award of attorneys fees in this case or the number of hours claimed by Plaintiff's counsel; however, Defendant objects to the hourly rates requested by Plaintiff (Doc. 66).

The EAJA allows for the award of attorney fees and other expenses against the government provided, 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award

unjust.  The absence of any one of the above factors precludes an award of fees.  28 U.S.C. § 2412(d)(l)(A), (B).

Here, the Commissioner does not contend, nor does the record support a finding, that any of the above factors precludes an award of fees in the instant case.  Rather, the Commissioner asserts only that Plaintiff is not entitled to the hourly rates he seeks (*see* Doc. 66).

With regard to reasonableness of the fees sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

The EAJA hourly rate of $125.00 per hour was established by statute in March 1996, at which time the Consumer Price Index ("CPI") was 155.7, but as noted *supra*, the EAJA hourly rate may be increased by the court to keep that rate in line with increases in the Consumer Price Index ("CPI").  This district has routinely granted such increases (*see, e.g.,* Carnley v. Astrue, Case No. 5:07cv155/RS/EMT (N.D. Fla. 2008) (finding compensation at the rate of $176.63 per hour reasonable for work performed in 2008, and $168.63 per hour reasonable for work performed in 2007); Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the Consumer Price Index, for work performed in 2004 through 2005)), and that policy should remain in effect to encourage adequate compensation for attorneys who represent Social Security claimants.[1]

The CPI was 193.3 in March 2005, 199.8 in March 2006, 205.35 in March 2007, 213.528 in March 2008, and 211.143 in January 2009, the latest published Consumer Price Index for All

---

[1] The court notes that in September 2008, the Commissioner filed a response to an application for EAJA fees in the Carnley case, stating that he had no objection to EAJA hourly rates of $168.63 and $176.63 for work performed in 2007 and 2008, respectively (*see* Carnley v. Astrue, Case No. 5:07cv155/RS/EMT (Docs. 32, 35)).  While the request for rates greater than $125.00 per hour in Carnley was supported with more documentation than the instant request, such as a copy of the Consumer Price Index and Cost of Living Adjustment calculations (*see id.* (Doc. 32 and Attachs.)), the undersigned does not find that greater rates should be denied to Plaintiff here only because his application lacks the same documentation.  In the future, however, counsel for Plaintiff should more thoroughly document his request for EAJA rates greater than $125.00 to avoid objection by the Commissioner to those rates.

Urban Consumers.[2]  The increase in the CPI of 37.6 in March 2005, above the March 1996 CPI, is an increase of 24.15%.  Thus, the new EAJA hourly rate for March 2005 should be approximately $155.19 per hour.  The increase in the CPI in March 2006 of 44.1 is an increase of 28.32%.  Thus, the new EAJA hourly rate as of March 2006 should be approximately $160.40 per hour.  The increase in the CPI of 49.65 in March 2007 is an increase of 31.89%.  Thus, the new EAJA hourly rate as of March 2007 should be approximately $164.86 per hour.  The increase in the CPI of 57.83 in March 2008 is an increase of 37.14%.  Thus, the new EAJA hourly rate as of March 2008 should be approximately $171.43 per hour.  Finally, the increase in the CPI of 55.44 in January 2009 is an increase of 35.61%.  Thus, the new EAJA hourly rate for January 2009 should be approximately $169.51 per hour.

　　　　While the foregoing figures are not precisely the same as those requested by Plaintiff, they are very close (with the exception of 2009).  The minor differences (again, with the exception of 2009) likely exist because the CPI changes on a monthly basis, and a precise accounting would require a determination of the rate for each month in which work was performed on Plaintiff's behalf.  However, because the rates requested by Plaintiff for work performed in 2005 through 2008 are generally in line with increases in the CPI, and because this court has previously concluded that similar rates are reasonable (*see, e.g.,* Carnley, Case No. 5:07cv155/RS/EMT; Facine, Case No. 5:02cv26/MD; Godwin, Case No. 3:04cv298/RV/EMT), the court concludes that the rates requested in the instant case for work performed in 2008–2009 are reasonable, as is the time expended by Plaintiff's counsel.  As for work performed in 2009, however, a slight downward adjustment to the rate claimed by Plaintiff is warranted.  It is clear that all work performed by Plaintiff's counsel in 2009 was performed in January 2009 (*see* Doc. 61, Attach.), and the CPI in January 2009 was 211.143 (*see* ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt).  For the reasons explained *supra*, the 2.2 hours of work performed in January 2009 should be compensated at a rate of $169.51 per hour ($372.92), instead of at a rate of $176.92 per hour ($389.22) as requested by Plaintiff.  This results in a reduction of $16.30 from the total amount sought by Plaintiff, which results in a total award of $1579.03 ($1,595.33 – $16.30 = $1579.03).

---

[2]*See* ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt

The remaining question is whether the award is payable to Plaintiff or Plaintiff's counsel. In <u>Reeves v. Astrue</u>, 526 F.3d 732 (11th Cir. 2008), *cert. denied*, 77 U.S.L.W. 3344 (Dec. 8, 2008) (No. 08-5605), the court clarified that an EAJA award, such as the award in the instant case, shall be awarded to the "prevailing party," not to the prevailing party's attorney. Although <u>Reeves</u> did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, the undersigned has followed the common practice of other courts in this district and circuit by recommending payment to counsel when an assignment of benefits has been included with counsel's petition. *See, e.g.*, <u>Turner v. Astrue</u>, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); <u>Buffin v. Astrue</u>, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (same). In this case, however, Plaintiff's counsel has not included with his petition any assignment of benefits by Plaintiff. Therefore, the award is properly payable to Plaintiff.

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 61) be **GRANTED** as follows:

> Plaintiff is entitled to recover fees in the amount of $1579.03, for time expended by Plaintiff's counsel in representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees and hourly rates under the EAJA, as outlined in the body of this Report and Recommendation, are reasonable; and the Commissioner is directed to pay Plaintiff that amount.

At Pensacola, Florida this <u>17th</u> day of March 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**